UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WELLS FARGO EQUIPMENT FINANCE, INC. | * | CIVIL NO. 6:10-0386 |
| VERSUS | * | JUDGE DOHERTY |
| BEAVER CONSTRUCTION, LLC, ET AL. | * | MAGISTRATE JUDGE HILL |

## REPORT AND RECOMMENDATION

The assessment of the amount of attorney's fees and expenses owed by Beaver Construction, LLC ("Beaver") and Jeffery Murphy ("Murphy") to Wells Fargo Equipment Finance, Inc. ("Wells Fargo") has been referred to the undersigned for report and recommendation.

## BACKGROUND

Plaintiff, Wells Fargo, filed the instant suit against Beaver and Murphy to collect amounts due under a loan by Wells Fargo to Beaver and to enforce its security interest in a Volvo Model EC210BLC Hydraulic Excavator ("the Excavator") which was posted as collateral for the loan.  Under the loan, Beaver additionally agreed to pay Wells Fargo reasonable attorney's fees and other expenses incurred by Wells Fargo to enforce its rights against Beaver. [rec. doc. 1].

By Default Judgment dated August 16, 2011, Judge Doherty awarded Wells Fargo reasonable attorneys' fees, costs and expenses incurred in connection with obtaining the default judgment.  [rec. doc. 35].

Wells Fargo's Motion to Establish the Amount of Attorneys' Fees, Costs and Expenses to which it is entitled pursuant to the Judgment was referred to the undersigned Magistrate Judge for Report and Recommendation. [rec. doc. 36 and 37].

By Order dated September 8, 2011, Wells Fargo was ordered to file a fee affidavit and copies of all un-redacted pertinent bills and invoices, as well as a memorandum addressing each of the lodestar factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)[1], as modified by *Walker v. U.S. Department of Housing and Urban Development*, 99 F.3d 761 (5th Cir. 1996). [rec. doc. 39]. Wells Fargo has complied with this Court's Order. [rec. docs. 40 and 41]. Beaver and Murphy have filed no objection to Wells Fargo's request. This Report and Recommendation follows.

## GUIDELINES FOR ATTORNEYS' FEES CALCULATION

This action was filed on the basis of diversity. The Fifth Circuit has held that when state law provides the rule of decision for the substantive issues in a case, state law controls both the award of, and the reasonableness of, attorney's fees. *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002) *citing Kona Technology Corp. v. Southern Pacific Transp. Co.*, 225 F.3d 595, 614 (5th Cir. 2000).

---

[1] These factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorneys due to this case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Under Louisiana law, awards of attorney fees permitted pursuant to contractual provisions are subject to review and control by the courts.  Thus, Louisiana courts inquire into the reasonableness of the fee claimed.  *Central Progressive Bank v. Bradley*, 502 So.2d 1017, 1017 (La. 1987); *City of Baton Rouge v. Stauffer Chemical Co.,* 500 So.2d 397, 400-401 (La. 1987) ("Louisiana courts have not hesitated to apply the guidelines of Disciplinary Rule 2-106 in their review and control of attorney fees established by contract . . . .); *Helena Chemical Company v. Nichols,* 695 So.2d 990, 994 (La. App. 3d Cir. 1996); *State Dept. of Transportation & Development v. Williamson,* 597 So.2d 439, 441-442 (La. 1992)*; Fourchon Docks, Inc. v. Milchem Inc.*, 849 F.2d 1561, 1567-68 (5th Cir. 1988).  In determining the reasonableness of such fees, the Louisiana courts engage in an analysis using factors comparable to those outlined in the federal jurisprudence.$^2$  *Robichaux v. Glorioso,* 2000 WL 1171119, *3 (E.D. La. 2000).

Under Louisiana law, the trial court must award a reasonable fee commensurate with the required level of legal services performed.  *Cates v. Sears, Roebuck & Co.,* 928 F.2d 679, 690 (5th Cir. 1991).  The factors to be considered in fixing attorney's fees can be found in Rule 1.5 of the Louisiana Rules of Professional Conduct.  *Southfield Square Homeowners Ass'n, Inc. v.*

---

$^2$Under Louisiana law, recoverable fees must be reasonable, and the amount is regulated by the Rules of Professional Responsibility, Rule 1.5(a). *Deutsch, Kerrigan & Stiles v. Fagan*, 665 So.2d 1316, 1323 (La. App. 1st Cir. 1995); *see also Metropolitan Reporters, Inc. v. Avery*, 665 So.2d 547, 550 (La. App. 5th  Cir. 1995); *Hoskins v. Ziegler*, 506 So.2d 146, 148 (La. App. 4th  Cir. 1976).  Under federal law, the factors which guide federal courts within the Fifth Circuit in determining reasonable fee awards are set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th  Cir. 1974).

*Myers,* 670 So.2d 639, 642 (La. App. 3rd Cir. 1996); *Mayeur v. Campbell*, 666 So.2d 366, 370 (La. App. 1st Cir. 1995); *Davidson, Meaux, Sonnier, McElligott & Swift v. Broadhead*, 649 So.2d 479, 483 (La. App. 3rd Cir. 1994), *writ denied*, 650 So.2d 243 (La. 1995). Under Rule 1.5, excessive attorney's fees are prohibited. *Kem Search v. Sheffield*, 434 So.2d 1067, 1070 (La. 1983).

Rule 1.5 of the Rules of Professional Conduct provides, in pertinent part:

(a) A lawyer's fee shall be reasonable. The factors to be considered in determining the reasonableness of a fee include the following:

(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) The fee customarily charged in the locality for similar legal services;

(4) The amount involved and the results obtained;

(5) The time limitations imposed by the client or by the circumstances;

(6) The nature and length of the professional relationship with the client;

(7) The experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) Whether the fee is fixed or contingent.

The Fifth Circuit has noted that the language of Rule 1.5 as well as the interpretive state court decisions have held that the guidelines are permissive and that consideration of each is not mandatory. *Fourchon Docks*, 849 F.2d at 1568.

Under federal law, the determination of reasonable attorney's fees involves a two-step procedure. *Louisiana Power & Light Company v. Kellstrom,* 50 F.3d 319, 324 (5th Cir. 1995), *citing Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). Initially, the district court must determine the reasonable number of hours expended on the litigation and the reasonable hourly rates for the participating lawyers. *Id*. Then, the district court must multiply the reasonable hours by the reasonable hourly rates. *Id*. The product of this multiplication is the lodestar, which the district court then either accepts or adjusts upward or downward, depending on the circumstances of the case, assessing the dozen factors set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974). *Wegner v. Standard Insurance Company,* 129 F.3d 814, 822 (5th Cir. 1997).

The twelve *Johnson* factors include: (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorneys due to this case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson,* 488 F.2d at 717-19.[3]

---

[3] The Fifth Circuit has not decided whether the factors in *Johnson* should apply in a diversity case to determine the reasonableness of attorney's fees. *See Mid-Continent,* 205 F.3d at 232; *Robichaux v. Glorioso*, 2000 WL 1171119 (E.D. La. 2000). As discussed above, Louisiana courts engage in an analysis similar to *Johnson*, and therefore, the same result is reached under either state or federal analysis. *See*, *Robichaux*, *supra*.

Many of the *Johnson* factors are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate, and should not be double counted. *Jason D.W. by Douglas W. v. Houston Independent*, 158 F.3d 205, 209 (5th Cir. 1998). Additionally, the Supreme Court has limited greatly the use of the second, third, eighth, and ninth factors for enhancement purposes, and accordingly, the Fifth Circuit has held that "[e]nhancements based upon these factors are only appropriate in rare cases supported by specific evidence in the record and detailed findings by the courts." *Walker v. U. S. Department of Housing and Urban Development,* 99 F.3d 761, 771-72 (5th Cir. 1996).

The fee applicant bears the burden of proving the reasonableness of the number of hours expended on their prevailing claim. *Leroy v. City of Houston,*, 906 F.2d 1068, 1079 (5th Cir. 1990). The party seeking attorney's fees must present adequately documented time records to the court. *Watkins v. Fordice,* 7 F.3d 453, 457 (5th Cir. 1993). Using this time as a benchmark, the court should exclude all time that is excessive, duplicative, or inadequately documented. *Id*. citing *Hensley,* 461 U.S. at 432-34, 103 S.Ct. at 1939. Moreover, hours which result from the case being "overstaffed" or are "excessive, redundant or otherwise unnecessary", even though actually expended, are not hours reasonably expended and are to be excluded from the calculation. *Leroy*, 906 F.2d at 1079 citing *Hensley,* 103 S.Ct. at 1939-40 and *Flowers v. Wiley*, 675 F.2d 704, 705 (5th Cir. 1982)("there should have been no compensation for hours spent in duplicative activity. . . .").

As can be seen from the above, the lodestar approach as delineated in *Johnson*, and the analysis under Rule 1.5 are very similar. In this case, the undersigned concludes that the result is the same whether under *Johnson* or under Rule 1.5.

## ANALYSIS

Wells Fargo seeks $9,147.50 for the legal services rendered by Richard A. Aguilar, Brandy N. Sheely and Heather A. LaSalle of the McGlinchey Stafford, PLLC law firm[4], and $496.08 in expenses, for a total of $9,643.58.

In support of Wells Fargo's request, counsel submitted the following: copies of billing records describing the tasks performed by each attorney, from November 30, 2009 through August 25, 2011 and the time allotted to these tasks, and copies of expense records for that same time period, and the affidavit of defense counsel, Heather A. LaSalle. [rec. docs. 40-1 - 40-12; rec. doc. 40].

REASONABLE HOURS EXPENDED

Wells Fargo seeks an award for 38.00 hours spent by its attorneys in connection with obtaining the default judgement, said sum representing approximately 3 hours legal work by Aguilar, 16 hours legal work by Sheely and 19 hours legal work by LaSalle. Beaver and Murphy do not contest the reasonableness of the requested hours claimed by the attorneys for McGlinchey Stafford, PLLC for legal services performed. Moreover, review of the detailed billing records of McGlinchey Stafford, PLLC leads the undersigned to conclude that the

---

[4] The undersigned notes that the total amount billed on the billing statements is $9,163.75. However, Wells Fargo does not request this amount in its Motion.

requested hours for the work performed are not excessive or duplicative, and are reasonable. Accordingly, the undersigned finds that the claimed 38.00 hours for these services should be awarded.

HOURLY RATES CLAIMED

Next, reasonable hourly rates for the McGlinchey Stafford, PLLC attorneys must be determined.  Richard A. Aguilar, a partner with over 20 years experience in commercial financing and related litigation,  has submitted the billing rate of $340.00 per hour, Brandy N. Sheely, a former associate and 2004 law school graduate who has worked on several commercial financing and related litigation cases, has submitted the billing rate of $240.00 per hour and Heather A. LaSalle, an associate and 2007 law school graduate who has worked on numerous commercial financing and related litigation cases, has submitted the billing rate of $225.00 per hour.

Attorneys' fees are to be calculated at the "prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895, 104 S.Ct. 1541, 1547 (1984).  A reasonable rate is the market rate. *Conner v. Mid South Insurance Agency, Inc.,* 943 F. Supp. 663, 667 (W.D. La 1996).  The "relevant community" for the purpose of awarding attorney fees is the judicial district in which the litigation occurred. *Jordan v. Allain*, 619 F. Supp. 98, 113 (N.D. Miss. 1985); *Eli Lilly v. Zenith*, 264 F. Supp.2d 753, 763-764 (S,D, Ind. 2003) (collecting cases supporting the use of rates in the community where the forum court is located).

In the Order dated September 8, 2011, the undersigned directed Beaver and Murphy to file a response noting all of their objections to the fee affidavit and supporting documentation submitted on behalf of Wells Fargo. Beaver and Murphy did not object to the amount of time billed or the rates billed by the McGlinchey Stafford, PLLC attorneys. The undersigned is aware of the extensive defense practice of the law firm of McGlinchey Stafford, PLLC. and the general qualifications and experience of lead attorney, Richard A. Aguilar. Moreover, the undersigned is aware of the customary rates of civil defense lawyers in this district. Therefore, based on this knowledge, the undersigned finds that the rates sought for Wells Fargo's legal representation in this case is *prima facie* reasonable.

Rule 1.5/ *JOHNSON* ANALYSIS

As set forth above, Rule 1.5 of the Louisiana Rules of Professional Conduct requires virtually the same analysis as is required under *Johnson*. The undersigned will undertake this analysis under *Johnson,* but the result would be the same under Rule 1.5.

Wells Fargo has argued each of the twelve *Johnson* factors, but does not seek enhancement of the lodestar amount.

A listing of the factors and analysis of each factor as it applies in this case follows. (1) Time and labor involved: the lodestar adequately compensates time and labor involved; (2) Novelty and difficulty of the questions: as noted by Wells Fargo neither the facts, nor the underlying legal theories involved in this case, were novel or difficult; (3) The skill required to perform the legal services properly: the hourly rate adequately compensates counsel for the level

9

of skill required to handle this case competently;  (4) Preclusion of other employment: Wells Fargo admits that the handling of this case did not preclude its counsel from handling of other cases; (5) Customary fee: in accordance with the above analysis, the hourly rates awarded herein fall within the current applicable range; (6) Fixed or contingent fee: this case was billed on an hourly basis; thus, this factor does not justify adjustment;[5]  (7) Time limitations: As noted by Wells Fargo, this there were no extraordinary time limitations or onerous circumstances were present or imposed;[6] (8) The time involved and the results obtained: Wells Fargo's counsel were able to obtain a default judgment within a reasonable amount of time from the date of filing; thus, the lodestar adequately compensates for this factor; moreover, as the Supreme Court has greatly limited the use of this factor.  *Walker,* 99 F.3d at 771;  (9) The experience, reputation and ability of counsel: the McGlinchey, Stafford PLCC counsel involved in this litigation enjoy the reputation of providing competent representation; the lodestar, however, adequately compensates for this factor; (10) The undesirability of the case: no evidence was adduced on this point;  (11) The nature and length of the professional relationship with the client: While McGlinchey, Stafford PLCC has a long professional relationship with Wells Fargo,  the lodestar adequately compensates for this factor ; (12) Awards in similar cases: There is no evidence that the award of fees sought herein exceeds the amount awarded in similar cases, to the contrary, in light of the above analysis, the award sought herein is minimal and entirely reasonable.

---

[5]In *Walker,* 99 F.3d at 772, the Fifth Circuit noted that the Supreme Court has barred any use of the sixth factor. *Id*. citing *City of Burlington v. Dague,* 505 U.S. 557, 567, 112 S.Ct. 2638, 2643, 120 L.Ed.2d 449 (1992) and *Shipes v. Trinity Indus.,* 987 F.2d 311, 320 (5th Cir.), *cert. denied*, 510 U.S. 991, 114 S.Ct. 548, 126 L.Ed.2d 450 (1993).

[6]The seventh factor is subsumed in the number of hours reasonably expended. *Walker,* 99 F.3d at 772.

The lodestar is presumptively reasonable and should be modified only in exceptional cases. *City of Burlington v. Dague,* 505 U.S. 557, 112 S.Ct 2638, 2641, 120 L.Ed.2d 449 (1992). This is not such a case; the lodestar requires no adjustment.

EXPENSES

Finally, the request for expenses totaling $496.08 must be addressed. These amounts include charges for filing fees, service fees, postage, photocopies, as well as courier fees, and fees for copies of records. Again, Beaver and Murphy have failed to file specific objections to Wells Fargo's request for expenses. Further, a review of the billing statements submitted by Wells Fargo indicates that the expenses appear reasonable. Accordingly, the undersigned recommends that Wells Fargo be awarded $496.08 in expenses.

CONCLUSION

For the reasons assigned hereinabove, it is recommended that the sum of $9,147.50 in attorney's fees and $496.08 in expenses be awarded to Wells Fargo.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this report and recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal**

**conclusions accepted by the district court, except upon grounds of plain error.** *Douglass v. United Services Automobile Association*, **79 F.3d. 1415 (5th Cir. 1996)**.

Signed this 18th day of October, 2011 at Lafayette, Louisiana.

_____
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE